894 F.2d 1336
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
The PEOPLE Of The STATE of MICHIGAN, CITY of BRONSON,
Plaintiff-Appellee,
v.
Samuel MARTIN, Defendant-Appellant.
 No. 89-1745.
 United States Court of Appeals, Sixth Circuit.
 Feb. 5, 1990.
 
 Before KEITH and KRUPANSKY, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se Michigan defendant has filed a motion for a default judgment in his appeal from the district court's order denying his petition for removal. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Samuel Martin sought review in federal court of charges brought by state authorities who alleged that Martin failed to comply with state driving and motor vehicle licensing requirements. Asserting a right to travel public highways without "tax, toll, impost, or duty," Martin argued that Michigan state laws requiring him to possess a valid driver's license, proof of insurance, motor vehicle registration and to display a motor vehicle license deprive him of his civil rights. He requested compensatory damages and the return of fingerprints and photographs taken at the time of his arrest.
 
 
 3
 The district court determined that Martin failed to meet jurisdictional requirements for removal and denied the petition. Martin's request for reconsideration was denied. Although Martin also appeals from this second order, the appeal is construed as one brought from the underlying judgment. See Peabody Coal Co. v. Local Union Nos. 1734, 1508 & 1548, UMW, 484 F.2d 78, 81 (6th Cir.1973).
 
 
 4
 Upon review we conclude that Martin failed to satisfy the jurisdictional requirements for removal under 28 U.S.C. Sec. 1443. A criminal defendant may remove his suit to federal court under 28 U.S.C. Sec. 1443(1) only if he meets both requirements of the subsection. He must show that the right on which he relies is a "right under any law providing for ... equal civil rights;" he must also show that he is "denied or cannot enforce" that right in the courts of that state. See Johnson v. Mississippi, 421 U.S. 213, 219 (1975). Moreover, the "law providing for ... equal civil rights" must be stated in terms of racial equality. Georgia v. Rachel, 384 U.S. 780, 791 (1966).
 
 
 5
 Martin's petition lacked merit because he did not allege that his arrest or conviction would violate a federal law designed to protect him from racial inequalities. Moreover, Martin failed to allege that the right which he asserts--the right to drive--cannot be protected in state court. Upon consideration of a petition to remove a state criminal proceeding to federal court, the district court must assume that the defendant's constitutional rights will be protected in the state court. City of Greenwood v. Peacock, 384 U.S. 808, 828 (1966). The only exception lies where "it can be clearly predicted ... that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court." 384 U.S. at 828. Removal is not appropriate simply on grounds that the state has brought criminal charges against the defendant. See Johnson, 421 U.S. at 222.
 
 
 6
 Martin was not entitled to removal under alternative statutes. Removal was not proper under 28 U.S.C. Sec. 1331, because the proceeding Martin sought to remove was criminal, not civil, in nature. He was not entitled to removal under 28 U.S.C. Sec. 1442-1442a because he did not allege that he is a federal officer or a member of the military. Finally, removal was not authorized by 28 U.S.C. Sec. 1444 because the underlying proceeding was not a foreclosure action against the United States government.
 
 
 7
 Accordingly, the motion for a default judgment is denied and the district court's order dismissing the petition is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.